## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Equal Employment Opportunity Commission,**

        **Plaintiffs,**

**v.**                                  **Case No. 06-2412-JWL**

**Thorman & Wright Corporation; Thorman Enterprises, Inc.; Eldon Thorman & Associates, Inc.; and The Eldon Thorman Family No. 1 through No. 5 Limited Partnerships,**

        **Defendants.**

### MEMORANDUM & ORDER

Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that defendants discharged or constructively discharged Brooke Sonntag on the basis of her pregnancy and in retaliation for her opposition to employment practices prohibited by Title VII.  In its complaint, plaintiff alleges that all defendants function as a "single employer." All defendants except for Thorman & Wright Corporation now move to dismiss and/or for summary judgment (doc. 4) on the grounds that plaintiff has not established an employer-employee relationship with any of these defendants.  As will be explained, the motion is denied without prejudice to filing a subsequent motion based on facts pertinent to the "single employer" issue.

In resolving defendants' motion, the court first addresses the threshold issue concerning the appropriate dispositional standard.  Defendants have filed their motion pursuant to "Rule 12" of the federal rules, without specifying a subsection of that Rule or referencing an applicable

standard under Rule 12.  Alternatively, defendants have filed their motion pursuant to Rule 56 of the federal rules and, toward that end, have submitted affidavits on which their motion is based.  To the extent the motion is made pursuant to Rule 12, the court construes that motion as one based on subsection (b)(6), for failure to state a claim upon which relief may be granted, as that construction accords with defendants' alternative Rule 56 motion and the motion, liberally construed, is phrased in terms of plaintiff's failure to state a claim against the defendants in the absence of an employer-employee relationship.[1]  However, plaintiff has specifically alleged in its complaint that all defendants function as a "single employer" and the court cannot conclude at this juncture that plaintiff can prove no set of facts in support of its theory which would entitle it to relief.  *See Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief.") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Moreover, defendants' reliance on evidence outside the pleadings renders Rule 12(b)(6) relief inappropriate.  *See Price*

---

[1]In construing the motion as a Rule 12(b)(6) motion, the court has also considered and rejected the potential applicability of Rule 12(b)(1) in this context, regardless of whether plaintiff is asserting "single employer" status for purposes of Title VII's employee-numerosity requirement.  *See Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S. Ct. 1235, 1245 (2006) ("[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.") (rejecting view of several Circuit Courts of Appeals, including the Tenth Circuit, that employee-numerosity requirements in federal anti-discrimination statutes are jurisdictional); *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 978 & n.2 (10th Cir. 2002) (where defendant's status as an "employer" within the statutory definition is undisputed and the only question is whether the plaintiff and the defendant have an employment relationship, issue is one for summary judgment disposition).

*v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005).  For these reasons, the motion is denied to the extent it is brought pursuant to Rule 12(b)(6).

Ultimately, then, defendants' motion is properly resolved through the lens of Rule 56. Under that rule, summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).  An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

As stated above, plaintiff has alleged that all defendants named in the complaint constitute and function as a "single employer."  Under the single-employer test, a plaintiff who is the

employee of one entity may seek to hold another entity liable by arguing that the two entities effectively constitute a single employer. *See Bristol v. Board of County Commr's of the County of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002). The single-employer test is sometimes confused with, but is distinct from, the joint-employer test. *Id.* Under the joint-employer test, a plaintiff who is the employee of one entity may seek to hold another entity liable by claiming that the two entities are joint employers. *Id.* The joint-employer test acknowledges that the two entities are separate, but looks to whether they co-determine the essential terms and conditions of employment. *Id.* Thus, the single-employer test asks whether two nominally separate entities should in fact be treated as an integrated enterprise, while the joint-employer test assumes that the alleged employers are separate entities. *Id.* Moreover, while the single-employer test "looks at the overall relationships of the two entities, joint-employer status is determined by focusing on the entities' relationships to a given employee or class of employees." *Sandoval v. City of Boulder, Colorado*, 388 F.3d 1312, 1324 (10th Cir. 2004).

The Tenth Circuit weighs four factors in considering "whether two nominally separate entities constitute an integrated enterprise or single employer: (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Id.* at 1322. While the Circuit has stated that it considers the third factor to be the most important, *see id.*, it has also stated that the "heart of the inquiry" concerning single-employer status "is whether there is an absence of an arm's length relationship among the companies." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 (10th Cir. 1999).

In support of their motion, defendants submit the affidavits of Ron Wright and Eldon

Thorman, both of whom are owners and officers of defendant Thorman & Wright Corporation (the only defendant not seeking summary judgment). The facts set forth in these affidavits, however, shed little light on the issue of whether the defendants function as a single employer and focus instead on issues more pertinent to the joint-employer test. Aside from summarily asserting that Thorman & Wright Corporation is a "separate and distinct legal entity" from the other defendants that files its own tax return, the affiants do not offer any evidence concerning the overall relationships among the defendants, including whether those relationships are "arm's length" relationships. The affiants do not speak to the issue of common management or financial control among the defendants (but do indicate that Mr. Thorman is at least a part owner of each of the defendants). With respect to centralized control of labor relations, the evidence before the court focuses almost exclusively on defendants' involvement in the terms and conditions of Ms. Sonntag's employment, rather than the extent of control those defendants have over employment decisionmaking in general. While defendants' involvement in the terms and conditions of Ms. Sonntag's employment is pertinent to the third factor of the single-employer test, it does not end the inquiry into single-employer status.

In sum, the facts set forth by defendants in support of their motion do not demonstrate that defendants are entitled to judgment as a matter of law on the issue of single-employer status. Defendants' motion, then, is denied and defendants may file a subsequent motion based on facts pertinent to the single-employer test. In responding to any subsequent motion filed by defendants on this issue, plaintiff is directed to the specific requirements of Rule 56(f) if it

intends to invoke that rule.[2]


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss and/or for summary judgment (doc. 4) is denied without prejudice.


**IT IS SO ORDERED.**


Dated this 15th day of December, 2006, at Kansas City, Kansas.


s/John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2]In response to defendants' motion, plaintiff states that it has not had an opportunity to conduct discovery (namely, the depositions of Mssrs. Thorman and Wright) regarding the interrelations of operations between and among the defendants named in the complaint and that Ms. Sonntag's knowledge is fairly limited on that issue.  While plaintiff's statement includes a citation to Federal Rule of Civil Procedure 56(f), plaintiff has not complied with the procedure outlined in Rule 56(f) and would be required to do so if it intends to invoke this rule in response to any subsequent motion filed by defendants. *See Price v. Western Resources, Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000) (holding that where a party opposing summary judgment seeks additional discovery and fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate).