**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

        Plaintiffs,

v.   Case No. 06-2412-JWL-DJW

THORMAN & WRIGHT CORP., et al.,

        Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Compel (doc. 63). More specifically, Plaintiff EEOC seeks (1) production of documents that Defendants refuse to produce because of a typographical error in the title of Plaintiff's request; and (2) an order requiring Defendants Thorman Enterprises, Inc. and Eldon Thorman Family Limited Partnership No. 4 to produce one or more designees to testify regarding particular topics as required by Fed. R. Civ. P. 30(b)(6). For the reasons stated below, Plaintiff's Motion will be granted.

**Discussion**

**A.     Plaintiff's Request for Production of Documents**

On January 19, 2007, Plaintiff EEOC served its second request for production of documents to all Defendants.[1]  On March 28, 2007, Plaintiff EEOC served by hand-delivery a request for production of documents containing the following two requests:

---

[1] *See* Doc. 30.

1. All notes or documents showing loans to employees from January 1, 2000 to December 31, 2005.

2. All room revenue and deposit analyses for all motel / hotel properties (including Best Western Red Coach Inn in Eldorado, KS; Best Western in Newton, KS; Best Western in Emporia, KS, Best Western Medow Acres in Topeka, KS; Cedar Court in Clay Center, KS; J-Hawk Inn in Greensburg, KS; and Best Western in Abilene, KS) from January 1, 2000 to December 31, 2005.

While the title of the March 28, 2007 document request is "Plaintiff EEOC's Second Request for Production of Documents and Things to Defendant The Eldon Thorman Family Limited Partnership No. 1," the first line of the pleading states, "Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Equal Employment Opportunity Commission hereby request [sic] all Defendants to produce all documents and things described herein." Later that same day, Plaintiff served the same pleading electronically by sending a Word version of the document to defense counsel via e-mail. The filename of the Word document attached to the e-mail was "doc rq – fourth to all defendants.doc."

On April 14, 2007, counsel for Plaintiff discovered the title of its March 28, 2007 pleading (1) erroneously designated the discovery as Plaintiff's *second* request for production; and (2) erroneously limited the discovery request to just one Defendant. Counsel for Plaintiff sent an e-mail message to counsel for Defendants that same day, calling attention to the errors and specifically noting that the text of the document properly identified the proper recipient of the request as all Defendants.

On April 27, 2007, Defendant Eldon Thorman Family Limited Partnership No. 1 responded to Plaintiff's March 28, 2007 document request, but no response was provided by any other Defendant. On May 1, 2007, counsel for Plaintiff sent an e-mail message to counsel for Defendants

asking that the remaining Defendants respond to the March 28, 2007 document request. On May 7, 2007, counsel for Defendants verbally communicated to Plaintiff that the remaining Defendants did not intend to provide the requested documents. As a result, Plaintiff filed this Motion to Compel responses from the remaining Defendants.

In response to Plaintiff's Motion to Compel, Defendants argue that a previously served discovery request cannot be amended by simply sending an e-mail indicating the desire to make a change, particularly when the change is made more than half-way through the allotted time for responding and when the change affects the party who will be responding to the discovery. Defendants next argue that, to the extent Plaintiff could somehow amend its request via e-mail, such a request is untimely since the Court's Scheduling Order specifically indicates all discovery was to be served in time to meet the April 27, 2007 discovery deadline.

The Court is not persuaded by Defendants' arguments. Notwithstanding the typographical error in the title of the pleading, the Court finds that the text of the pleading properly identified the recipient of the request as all Defendants at the time the requests were served. Accordingly, the Court finds the original requests were timely, and the remaining Defendants will be ordered to respond these requests.

**B.       30(b)(6) Deposition Testimony**

On February 28, 2007, Plaintiff issued a Rule 30(b)(6) deposition notice requesting all Defendants to designate and produce one or more persons to give testimony regarding six topics identified in the notice: 1) the purpose of each Defendant entity; 2) the date each Defendant entity was created and, if applicable, disbanded; 3) assets held or controlled by each entity; 4) the number of employees for each entity from January 1, 2002 through July 31, 2004; 5) all business operations

in which each entity is involved; and 6) the ownership of each entity. Defendants designated one of their accountants, Gary Edwards, as the witness prepared to give testimony on these topics.

It is undisputed that, during the deposition, Mr. Edwards was unable to answer various questions regarding the identified topics for two defendants, Thorman Enterprises, Inc. and Eldon Thorman Family Limited Partnership No. 4. Specifically, Mr. Edwards testified regarding Eldon Thorman Family Limited Partnership No. 4., "I don't have any knowledge of that entity."[2] Regarding Thorman Enterprises, Inc., Mr. Edwards testified, "I can tell you I have no knowledge of it whatsoever."[3] As a result, Plaintiff filed this Motion to Compel seeking to reconvene the 30(b)(6) deposition and have Defendants produce a corporate designee able to answer questions regarding the topics at issue.

In response to Plaintiff's Motion, Defendants first argue that Plaintiff's request to compel was made out of time. Defendants maintain that Mr. Edward's 30(b)(6) deposition was taken on March 22, 2007 and Plaintiff's Motion was not filed until May 10, 2007, which is over the thirty-day limit to file such motions.

D. Kan. Rule 37.1(b) states as follows:

<u>Time for Filing Motions</u>. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived.

---

[2] Plaintiff's Motion to Compel, Exhibit D, 30(b)(6) Dep. at 27:14-18.

[3] *Id.* at 39:4-9.

The 30(b)(6) deposition of Mr. Edwards was taken on March 22, 2007.  On May 1, 2007, presumably after Plaintiff had received and reviewed the transcript from Mr. Edwards' deposition, Plaintiff sent Defendants an email expressing concern about Mr. Edwards' lack of preparation as a designated 30(b)(6) corporate representative.[4]  As a result of this concern, Plaintiff requested in this May 1, 2007 e-mail that the parties reconvene the deposition so that Defendants could provide an appropriately prepared 30(b)(6) witness to answer the questions Mr. Edwards was unable to answer.[5]  Later that day, Defendants' counsel Andrea McCarthy sent a response e-mail stating that she would "discuss the 30(b)(6) issues with Don [Andrea's co-counsel] and get back to you."[6]  Notably, the pleadings submitted in conjunction with this Motion fail to reference any further discussion between the parties regarding this issue.

Based on these facts, the Court deems Defendants' objection to reconvening the deposition to have been lodged on May 10, 2007.  Plaintiff filed this Motion to Compel 30(b)(6) on May 10, 2007, ten days after Defendants' objection was lodged.  Accordingly, the Court finds Plaintiff's Motion is timely under D. Kan. Rule 37.1(b).

In addition to timeliness, Defendants oppose Plaintiff's Motion to Compel a continuation of the 30(b)(6) deposition on grounds that there is no witness more knowledgeable than Mr. Edwards regarding the Thorman entities.  Defendants maintain that Mr. Edwards answered Plaintiff's questions to "the best of his ability."  Defendants state that Thorman Enterprises, Inc. and the Eldon

---

[4]Plaintiff's Motion to Compel, Exhibit I, May 1, 2007 e-mail from Andrea Baran and Amy Coopman to Andi McCarthy and Don Bucher.

[5]*Id.*

[6]Plaintiff's Motion to Compel, Exhibit J, May 1, 2007 e-mail from Andrea McCarthy to Andrea Baran and Amy Coopman

5

Thorman Family Limited Partnership No. 4 were entities created by Eldon Thorman a very long time ago either by himself or in conjunction with an attorney who is no longer available. Defendants further state that Eldon Thorman currently is an 85 year-old man who is easily confused and does not have a clear understanding or recollection of the information sought regarding any of the entities. As a result of these circumstances, Defendants contend that neither Mr. Thorman nor Mr. Edwards are able to answer some of the questions posed.

The appropriate starting place for a discussion regarding adequacy of a Rule 30(b)(6) corporate designee's testimony is the language of the Rule itself:

> A party may in [its deposition] notice ... name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. * * * The persons so designated shall testify as to matters known or reasonably available to the organization.

In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.[7] "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic."[8] The designee testifies on behalf of the corporation and thus holds it accountable.[9]

---

[7] *Sprint Communications Co., L.P. v. theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) (citations omitted).

[8] *Id.*

[9] *Id.* (citing *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan.1999) (holding a corporation has a duty under Rule 30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on behalf of the corporation") (quoting *Audiotext Communications Network, Inc. v. US Telecom, Inc*., 94-2395-GTV, 1995 WL 625962, at *13 (D.Kan. Oct.5, 1995)); *see, also, Media Services Group, Inc. v. Lesso, Inc*., 45 F.Supp.2d 1237, 1253 (D.Kan.1999).

With regard to choosing a deponent to speak on behalf of the corporation, companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."[10]  Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it,[11] this Court has held that the Rule "implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition."[12]  In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence.[13]  Thus, the Rule makes clear that a party is not permitted to undermine the beneficial purposes of the Rule by producing a witness who has failed to adequately prepare to respond to questions about the designated topics. Any other interpretation of the Rule would allow the responding corporation to "sandbag" the deposition process.

Although the Court readily acknowledges that the requirements listed above may be onerous, the burden upon such a responding entity is justified since a corporation can only act through its employees. These requirements negate any possibility that an inquiring party will be directed back and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation. To allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity,

---

[10]*Id.* (citing *Starlight*, 186 F.R.D. at 639).

[11]Rule 30(b)(6).

[12]*Id.* at 537-38 (citing *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car*, 210 F.R.D. 730, 735 (D.Kan.2002)).

[13]*Id.* at 538.

the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Then, and as noted above, the responding party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the interrogator and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by the interrogator as to the relevant subject matters. Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[14]

Upon review of the deposition testimony at issue here, the Court finds that Mr. Edwards' inability to answer various questions regarding the identified topics for Thorman Enterprises, Inc. and Eldon Thorman Family Limited Partnership No. 4 demonstrates that Defendants breached their obligation to produce, in good faith, a knowledgeable deponent who is competently prepared to fully and responsibly address the questions posed on the topics designated. In so finding, the Court notes that in preparation for his testimony as a 30(b)(6) designee, Mr. Edwards did not talk to Eldon Thorman, a co-owner of defendants and the registered agent for Thorman Enterprises, Inc. and Eldon Thorman Family Limited Partnership No. 4, he did not review any documents in Mr. Thorman's possession, and he did not request documents from Ronald Wright or from any other accountants or attorneys who performed work for Thorman Enterprises, Inc., and Eldon Thorman Family Limited Partnership No. 4.[15] Accordingly, Plaintiff's Motion to Compel 30(b)(6) Testimony will be granted.

---

[14] *Id.*

[15] Plaintiff's Motion to Compel, Exhibit D, 30(b)(6) Dep. at 28:2-29:4; 42:19-43:24; 44:2-10.

Based on the discussion above, it is hereby ordered that Plaintiff's Motion to Compel (doc. 63) is granted and

- Any Defendant who did not respond to Plaintiff's March 28, 2007 discovery requests shall respond to these discovery requests on or before **June 18, 2007**.
- The parties shall meet and confer regarding a mutually convenient time within the next fourteen (14) days for Defendants Thorman Enterprises, Inc., and Eldon Thorman Family Limited Partnership No. 4 to produce a designee who is competently prepared to fully and responsibly address questions posed regarding the topics identified in Plaintiff's Notice to Take 30(b)(6) Deposition.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of June, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties