**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

        Plaintiffs,

v.                              Case No. 06-2412-JWL-DJW

THORMAN & WRIGHT CORP., et al.,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Thorman & Wright Corporation's ("Defendant") Motion to Compel (doc. 70). More specifically, Defendant moves to compel Plaintiffs to provide an executed release, signed by Plaintiff Sonntag, that authorizes Defendant to access Sonntag's employment records from Simplex Grinnell, Sonntag's subsequent employer. Defendant also moves to compel Plaintiffs to produce a severance agreement between Sonntag and Simplex Grinnell.

### Authorization for Release of Employment Records

Defendant requests Plaintiff Sonntag sign an authorization for release of information and records with regard to her past employment with Simplex Grinnell. Defendant asserts it requested Plaintiff Sonntag execute the referenced authorization in conjunction with its written discovery requests in order to obtain relevant documents from a third party. The Court, however, finds no basis within Fed. R. Civ. P. 34 to compel a party signature.

"The purpose of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party available to the other."[1] The breadth of Rule 34 extends to all relevant

---

[1] 8A C. Wright & A. Miller, Federal Practice and Procedure § 2202, at 356 (2d ed. 1994).

documents, tangible things, and entry upon designated land or other property.[2] Rule 34 requires that the party upon whom the request is served must be in possession, custody, or control of the requested item.[3] Here, it appears the employment records are documents or tangible items as defined by Rule 34(a).  It also appears that, with the exception of the severance agreement that is discussed below, Plaintiffs do not have actual possession or custody of the employment records at issue. Although there may not be actual possession, the Court must go on to decide whether Plaintiff has "control" of the referenced employment records within the parameters of Fed. R. Civ. P. 34.

"[A] party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents."[4] But "[t]he relationship between the party and the person or entity having actual possession of the document is central in each case."[5]  Here, the Court finds that the relationship between Plaintiff and former employer Simplex Grinnell is not sufficient to establish that Plaintiff has control of the employment records.

Apparently, Defendant has not yet attempted to secure copies of the requested documents from the non-party custodian of the records via subpoena. The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.[6]  It is only after the individuals or entities object on grounds of privilege

---

[2]*Id.* § 2206, at 381.

[3]*Wardrip v. Hart*, 934 F. Supp. 1282, 1286 (D. Kan. 1996)

[4]*DirecTV, Inc. v. Hess,* No. 04-2233-GTV-DJW, 2005 WL 375668, at *1 (D. Kan. Feb. 9, 2005)

[5]*Id.*

[6]*Id.*

or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

At this juncture, and under the specific circumstances presented, there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the release form as requested.

### Production by Plaintiffs of the Severance Agreement

**A.     Relevance**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[7]  Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[8] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[9]

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal

---

[7]Fed. R. Civ. P. 26(b)(1).

[8]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004) (citation omitted).

[9]*Id.*

relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[10] Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[11]

The Court finds Defendant's request for Sonntag's severance agreement with Simplex Grinnell is relevant on its face. Plaintiff claims she was unlawfully discriminated against and terminated from employment as a hotel general manager by Defendants (1) because of her pregnancy; and (2) because she opposed and refused to participate in racially discriminatory employment practices. Plaintiff seeks compensatory damages for emotional pain, distress, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life as well as punitive damages. In response, Defendants claim Plaintiff was removed from her position as general manager due to a personality conflict with one of the owners, a lack of skills necessary to effectively run the hotel property, ineffective management of employees, and failure to contain labor costs in relation to the hotel's income.

Upon consideration of the arguments presented by counsel, the Court finds information in the severance agreement is reasonably calculated to lead to discovery of admissible evidence regarding Plaintiff's job performance and work habits, as well as Plaintiff's ability to effectively work with others in her job. The Court also finds information in the severance agreement is

---

[10]*Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003) (citation omitted).

[11]*Owens*, 221 F.R.D. at 652 (citation omitted).

4

reasonably calculated to lead to discovery of admissible evidence regarding Plaintiff's emotional state, which is relevant considering that she is claiming damages for mental distress and anxiety.

Given the Court has found the request for production of the severance agreement is relevant on its face, the burden now shifts to Plaintiffs to establish lack of relevance.  To sustain this burden, Plaintiffs argue that Ms. Sonntag's employment status, mitigation efforts and accrued income subsequent to her employment with Defendants are irrelevant because Plaintiffs are not asserting a claim for back wages or front pay in this case.  Plaintiffs further argue that, even if they were asserting a wage claim, the severance agreement does not reflect or report a specific monetary amount of earned income.

Although Plaintiffs' argument is persuasive with regard to front and back pay issues now that those damage claims have been withdrawn, Plaintiffs have failed to establish – given the factual contentions and defenses asserted by Defendants – that the severance agreement is irrelevant to Plaintiff's job performance, Plaintiff's work habits, Plaintiff's ability to effectively work with others in her job and Plaintiff's emotional state.

**B.      Confidentiality**

Plaintiffs also object to production of the severance agreement on grounds that the agreement is confidential. This objection will be overruled because, as this Court previously has held, "a concern for protecting confidentiality does not equate to privilege."[12]  With that said, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information.  Under the circumstances presented here, the Court finds that entry of such

---

[12]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 682 (D. Kan. 2004) (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 642 (D. Kan. 2004)).

5

a protective order appropriately will safeguard any potential for harm associated with disclosure of the severance agreement.  Accordingly, the Court hereby orders the parties to limit their use of severance agreement and the information contained therein to purposes directly related to this litigation and prohibits the parties from disclosing this information to anyone outside this litigation.

For the reasons stated above, Defendant's Motion to Compel (doc. 70) is granted in part and denied in part as specifically set forth below:

- Defendant's Motion is denied with respect to Defendant's request to compel Plaintiffs to provide an executed release, signed by Plaintiff Sonntag, that authorizes Defendant to access Sonntag's employment records from Simplex Grinnell.

- Defendant's Motion is granted to the extent that Plaintiffs shall produce a copy of the severance agreement between Sonntag and Simplex Grinnell.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of June, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties